A. J. SIMPSON, *Appellee*, v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, *Appellant.*

No. 16,032.

1. RAILROADS—*Injury to Team of a Licensee.* While the plaintiff was unloading lumber from a car on a sidetrack to his wagon a train on the main line struck his team, killing one animal and injuring the other. The circumstances held to have been such as to warant a recovery.

2. INSTRUCTIONS—*Negligence of the Plaintiff that Does Not "Materially" Contribute to the Injury.* An instruction that negligence of the plaintiff did not bar a recovery unless it "materially" contributed to the injury held not to be prejudicial.

3. DAMAGES—*Evidence—Value of Animal Killed.* A finding of the amount of damage to the injured animal held to be supported by evidence of its original value and the nature and extent of its injuries.

Appeal from Decatur district court; WILLIAM H. PRATT, judge. Opinion filed November 6, 1909. Affirmed.

*W. S. Morlan, W. W. Guthrie, W. F. Guthrie,* and *Boyle, Guthrie, Howell & Smith,* for the appellant.

*L. M. Parker,* and *T. M. Noble,* for the appellee.

Simpson v. Railway Co.

*Per Curiam:* The defendant placed a car of lumber on a sidetrack to be unloaded, in a place where the lumber could be taken out only at the side door opening upon a space twelve or fourteen feet wide between this sidetrack and the main track, south of it. The plaintiff placed a wagon alongside the car in this space and loaded it with lumber from the car, the team being detached. His driver then proceeded with a team of mules east along the street extending parallel to the sidetrack, and on the side opposite to the wagon, until he passed by the car, and then turned across the sidetrack into the space where the 'wagon stood, for the purpose of removing the loaded wagon. He then saw an engine 200 yards distant approaching from the west, on the main track. He held the mules by the bits, close to the car, and where they were clear of the main track, but they became restive and moved so that they came in contact with the engine. One was killed and the other injured. In going with his team to the wagon the driver had seen the engine standing at the depot as he passed. After passing that point, however, the view was obstructed by a string of cars until he crossed the sidetrack.

The plaintiff sued to recover his damages. A demurrer to the evidence was overruled, and the plaintiff recovered. Error is assigned upon the order overruling the demurrer, and upon the instructions.

The evidence was sufficient to sustain the verdict. The car was so placed by the company that it could only be unloaded by using the narrow space between the tracks for that purpose. Whether the defendant exercised reasonable care to prevent injury to the team while it was in this place of danger, and whether the driver was reasonably diligent in caring for it, were questions of fact for the jury fairly arising upon the evidence, which was sufficient to sustain their verdict.

The court gave the following instruction, to which the defendant excepted:

"As a matter of law a railroad company is liable for stock killed or injured upon its tracks where such killing or injuring resulted from the want of ordinary care and caution in the running of its trains, and the plaintiff's own negligence, if any, does not materially contribute to such injuries."

The only criticism of this instruction is the use of the word "materially." If this were the only instruction relating to contributory negligence the question would be presented whether the qualification was important. The court, however, gave clear instructions concerning the duty of the driver, and added that if he "failed to use ordinary care and caution to avoid such danger, and the mules were injured in consequence thereof, the plaintiff could not recover," and this was in substance repeated. Reading the instructions together, the jury could not have been misled.

Complaint is also made because the court permitted a recovery for injury to the mule which did not die, on the ground that there was no evidence of the amount of damages. The value of the mule before being injured was shown, as well as the nature, extent and effect of the injury done, and the question of the amount of the resulting damage was properly submitted to the jury.

The judgment is affirmed.